LANKFORD *v.* MAGEE, et al.

No. 39420          January 17, 1955          76 So. 2d 845

*John K. Keyes,* Collins, for appellant.

*W. W. Dent,* Collins, for appellees.

ARRINGTON, J.

This suit was filed by the heirs of Tom Magee to determine the boundary line between their lands and lands of the appellant, and to enjoin appellant from building a fence encroaching on lands that they and their predecessors had occupied since 1939, and which fence, if run, as threatened by appellant, would take in a strip of land on which their home was located and all outbuildings used in connection therewith.

The facts briefly stated are as follows: Tom Magee bought the lands described as "all the land lying west of Burton's Creek in the NE¼ of NW¼, Section 5, Township 8 North, Range 16 West, containing 22 acres, more or less, in Covington County, Mississippi," from P. C. Turnage on March 6, 1939, and the same year he erected his residence and outbuildings on the portion involved in this law suit. On September 12, 1939, the appellant acquired the NW¼ of the NW¼ of the same section, township and range, by forfeited tax land patent, the lands having been sold for delinquent taxes on September 17, 1934.

P. C. Turnage, from whom Tom Magee purchased the land, had acquired it in 1905, and testified that in 1906 he had the boundary line between the NE¼ of the NW¼ and the NW¼ of the NW¼ run by a surveyor, and he put a fence on said line that remained there for over twenty years, until it rotted down, a few posts of which still remained at the time of the trial. There was testimony of other witnesses that this fence was the established boundary line between the two tracts. Turnage also testified that after appellant acquired the NW¼ of the NW¼, he built a fence, beginning at the old established fence corner and running along the same line until he got to the home of Tom Magee, where he curved out and made a crescent so as to give Tom more room in front of his house; that the fence followed the old line except where it made the crescent in front of the house. Appellant testified that he built this fence in 1941 on the line that was pointed out to him as the line, but attempted to show that appellee's use of the lands east of this fence was by his permission. Testimony for appellee was that Tom Magee had lived in the house until he died in 1947 and occupied all the lands east of the old line and fence built by Lankford, occupying same under claim of ownership, and that since that time the lands

east of the fence had been under the exclusive control of the heirs of Tom Magee under claim of ownership.

Prior to the filing of this suit in 1952, appellant had a survey run which moved the line eastward and took in the house and outbuildings of appellee. The surveyor testified that he began at what he was satisfied was the northwest corner of the NW¼ of the NW¼ and ran three sides of the forty. He testified that he dug into the ground and found stumps of trees that he was satisfied were witness' trees at the northwest corner of the NW¼ of the NW¼. He did not prove his survey by running from that point to another recognized government corner, or one established by another surveyor, or one that was so well established and recognized by all persons in the community that there could be no doubt of its correctness. See J. R. Buckhalter Lumber Co. v. Wright, 159 Miss. 470, 132 So. 443.

Upon final hearing, the chancellor found that the fence established by appellant along the old boundary line was the correct line, except where it crescented out in front of the house, and ordered that it run in a straight line at that point. There was no separate findings of fact but there was sufficient evidence to sustain the claim of appellee on the ground of adverse possession, the fence having been erected in 1941 on a line which was established in 1906, and which had been recognized ever since. The chancellor was justified in disregarding the recent survey and taking aid from the old fence in establishing the boundary line. Hays v. Lyon, 192 Miss. 858, 7 So. 2d 523.

Affirmed.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.