LEE, Justice,
for the Court:
This suit involves a dispute over 29.6 feet of land along Popps Ferry Road in Harrison County. Mary Lou Morgan filed suit against Cleo Clyde Warden to establish her title to said property, the court declined to hold she owns same, and she has appealed.
The question involved is whether or not the chancellor erred in declining to cancel the claim of Warden to the disputed property, in declining to enjoin Warden from interfering with and obstructing the use of the property' by Morgan and in enjoining him to remove his fence from the property.
Title to the respective properties of the parties is deraigned from a common source, viz, the Hosli family, which acquired the west twenty (20) acres of a forty (40) acre tract. About the same time, Mr. Kornman acquired the east twenty (20) acres of said forty, and a surveyor was obtained to divide the 40-acre tract. A fence was placed for some distance between the divided acreage and the Hoslis and Kornman were satisfied, and agreed that the fence was on the line, and that each party had his twenty acres of land.
Mrs. Muriel Hosli testified that the deed from Hosli to Warden was executed April 27, 1976, conveyed to him by metes and bounds the east one hundred ten (110) feet of the Hosli property, and specified that the land conveyed was the east 110 feet of the property conveyed to Hosli by Arthur F. Johnson. She further testified that the 29.6 feet in dispute comprised her driveway under which was located a septic tank, that she permitted Warden to use said property, but same was not conveyed to Warden, who so recognized.
*146 On April 11, 1978, the Hoslis conveyed to Mary Lou Morgan a lot 159'4" fronting Popps Perry Road, and 330 feet deep, said lot running east along Popps Ferry Road 159' 4" to the property conveyed to C. W. Warden (Mary Lou Morgan already owned a lot adjacent to the aforementioned lot extending 200 feet west of said lot to the Klein property). Mrs. Hosli further testified that, by the above deed, the Hoslis intended to, and did, convey, unto Morgan the 29.6 feet in dispute, and that same had not been conveyed to Warden.
Mr. M. E. Thompson, Jr., a qualified surveyor, testified for Morgan that he surveyed the property after examining the original field notes. He began at the Northeast corner of Section 13, following the original survey, and ran to the northwest (NW) corner of said section, thence back 1,320 feet to the quarter section line, thence 654.33 feet to the old Kornman-Hosli fence, thence west 110 feet to the east line of the disputed property, thence north 330 feet to Popps Ferry Road, thence east 110 feet to the Kornman-Hosli fence, thence south 330 feet to the point of beginning. Thompson’s survey delineated the Warden property which contained 110 X 330 feet off the east end of the original Hosli property. Referring to the clause of the Morgan deed “to the property conveyed to C. W. Warden,” Thompson’s survey showed Morgan to be the owner of the 29.6 feet in dispute.
Warden obtained the services of one Owen C. Hines to survey his lot. The record reflects that Hines went to the property, obtained Warden’s deed, someone pointed out a corner to him, and he chained off 110 feet to Warden which included the 29.6 feet under dispute and placed Warden’s east line 29.6 feet from the old Kornman-Hosli fence (west of).
Warden also obtained the services of James R. Clarke to verify Hines’ survey, and Clarke admits that he did little more than to run around the lines established by Hines. By comparison, the survey of Thompson is the more accurate, better and more reliable survey of the property. John-stone v. Nause, 233 Miss. 584, 102 So.2d 889 (1958); Lankford v. Magee, 222 Miss. 770, 76 So.2d 845 (1955); Perry v. Wright, 216 Miss. 652, 63 So.2d 40 (1953); Boyd v. Durrett, 216 Miss. 214, 62 So.2d 319 (1953); Buckwalter Lbr. Co. v. Wright, et ux., 159 Miss. 470, 132 So. 443 (1931).
During the trial of the case, Morgan testified on cross-examination that she was claiming 359.6 feet frontage along Popps Ferry Road. However, it goes without saying that she was claiming the property from the Klein fence on her west boundary, which she acknowledged to be correct and over which there was no dispute, to the Warden west line, which claim included the disputed 29.6 feet. In view of Morgan’s testimony to the effect that she claimed 359.6 feet, the chancellor entered an interlocutory decree, directed the parties to agree upon a surveyor, then ordered the surveyor to begin at the Klein fence as Morgan’s west boundary, run thence east 359.6 feet, thence south 330 feet, thence west 359.6 feet to the Klein fence, thence north along the Klein fence to the point of beginning. That description, of course, ran to the west boundary of the disputed 29.6 feet and did not include the property involved in .this suit.
We hold that the chancellor was manifestly in error in failing, or declining, to cancel the claim asserted by appellee to the disputed 29.6 feet, and that his action in so doing was manifestly against the weight of the evidence. Therefore, the judgment of the lower court is reversed and judgment is rendered here for appellant cancelling as clouds in her title to said land all claims asserted against same by Warden, and enjoining appellee from interfering with or obstructing the use of said property by appellant, and requiring appellee to remove his fence from the property.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.